United States District Court
Southern District of Texas
**ENTERED**
June 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HERRADO JOSE MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00082 |
| | § | |
| PERLA K. SANCHEZ BALDERAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Herrado Jose Molina, a Texas inmate confined at the James V. Allred Unit in Iowa Park, Texas, has filed this *pro se* prisoner civil rights case pursuant to 42 U.S.C. § 1983. In a Notice of Deficient Pleading issued on April 8, 2024, Plaintiff was notified that he must do one of the following within twenty days: (1) pay the $405.00 filing fee for civil rights cases; or (2) submit a completed application to proceed in forma pauperis (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 5). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. *Id.*

Plaintiff failed to comply with the Notice of Deficient Pleading and submit the requested information. On May 21, 2024, the undersigned ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of prosecution. (D.E. 6). The undersigned instructed Plaintiff that he would comply with the

Show Cause Order by paying the filing fee or filing an IFP application and a copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. *Id.* at 1-2. Plaintiff was warned that his failure to comply with the May 21 Show Cause Order would result in the undersigned recommending dismissal of this action. *Id.* at 2.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). While Plaintiff initially filed a motion to proceed IFP along with his complaint (D.E. 2), he did not submit an inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. To date, Plaintiff has not responded to either the Notice of Deficient Pleading or the May 21 Show Cause Order by providing the requested trust fund account statement. Plaintiff, therefore, has failed to follow court orders and submit the requested information. He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. Dismissal is therefore warranted under these circumstances.

Accordingly, the undersigned respectfully recommends that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted on June 18, 2024.

_____
Julie K. Hampton
United States Magistrate Judge


## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).